**Mack Merrill RIVENBURGH, Jr., Appellant,**

v.

**STATE OF UTAH, Appellee.**

**No. 6946.**

United States Court of Appeals Tenth Circuit.

Feb. 1, 1962.

Willard R. Huntsman, West Jordan, Utah, for appellant.

Robert S. Campbell, Jr., Salt Lake City, Utah (A. Pratt Kesler, Atty. Gen., and Ronald N. Boyce, Asst. Atty. Gen., on motion), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

Mack Merrill Rivenburgh, Jr. was convicted of murder in the first degree without recommendation and pursuant to the mandatory provisions of the applicable Utah statute was sentenced to be executed for the offense. U.C.A.1953, 76–30–4. The judgment of conviction was affirmed on appeal to the Supreme Court of Utah, State v. Rivenburgh, 11 Utah 2d 95, 355 P.2d 689. Thereafter Rivenburgh petitioned the Supreme Court of Utah for a writ of coram nobis and was denied by that court by order dated June 29, 1961. Certiorari from that state order to the Supreme Court of the United States was denied upon November 20, 1961. Misc. order 598, 368 U.S. 922, 82 S.Ct. 246, 7 L.Ed.2d 137.

On December 27, 1961, Rivenburgh filed in the United States District Court for the District of Utah a petition for writ of coram nobis. This petition, after setting out the bald conclusion of the existence of federal jurisdiction, alleged that since Rivenburgh's trial and conviction the medical profession had obtained important knowledge of the vicious propensities of amphetamine, a drug claimed to have been taken in great quantities by Rivenburgh prior to the commission of his crime.[1] The trial court denied the petition after "having given consideration to the substance of the petitioner's Petition under all possible theories of Federal jurisdiction, including but not limited to Habeas Corpus, * * *." A certificate of probable cause within the purview of 28 U.S.C.A. § 2253 was refused by both the trial judge and a judge of this court and petitioner makes no claim to a right to review of his pleading as a basis for habeas corpus.

Coram nobis is a remedy recognized in some state judicial systems and as such may premise an ultimate review of state action by way of certiorari to the Supreme Court of the United States. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. And the writ is sometimes broadly recognized as available in matters strictly confined within the federal judicial system. Dotson v. United States, 10 Cir., 287 F.2d 868; United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. But the use of the writ is limited by tradition and rule, Fed.Rules Civ.Proc., Rule 60(b), 28 U.S.C.A., and cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions. The essence of petitioner's claim is that he should be granted a new trial because of newly discovered evidence. We are in complete accord with the trial's court order that the petition sets out no federal basis or claim for relief cognizable in the federal court.

The motion to dismiss the appeal is granted and the appeal is dismissed.

---

[1]. The influence of this drug upon Rivenburgh's physical and mental condition was the basis of Rivenburgh's defense at trial.

See State v. Rivenburgh, 11 Utah 2d 95, 355 P.2d 689.