**James Luther JOHNSON,
Petitioner-Appellant,**

v.

**Raymond D. MASSEY, Superintendent
of Union Correctional Institution,
Respondent-Appellee.**

No. 75–1556
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 31, 1975.

James Luther Johnson, pro se.

J. Robert Olian, Asst. Atty. Gen., South Miami, Fla., for respondent-appellee.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This petitioner's case comes before us for the second time. Petitioner pled guilty in a Florida state court to the charge of second degree murder, and was sentenced to 99 years imprisonment. In petitioner's first appearance before this court, he contended that his guilty plea was void because he was mentally incompetent at the time of entering his plea. Upon an examination of the guilty plea proceedings and the record in the case, the district court concluded that "the guilty plea was clearly entered freely and voluntarily with a full understanding of the consequences thereof." That decision was affirmed by this court, without opinion. Johnson v. Florida, 5 Cir., 1974, 496 F.2d 876. Petitioner now alleges that the guilty plea should be set aside because it was induced by the unkept promise of a 20-year sentence rather than the 99-year sentence which was imposed. Cf. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■■ Petitioner's claim must be dismissed for three reasons. First, the district court's finding that the plea was knowingly and voluntarily entered was a determination on the merits which makes this second successive and related attack on the guilty plea one that is clearly without merit and subject to dismissal without a hearing. See Sanders v. United States, 373 U.S. 1, 12–13, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). Second, it is inherently inconsistent for petitioner first to contend that he was unable to comprehend the nature of the guilty plea proceeding and his actions therein, and now to assert that he understood exactly what was going on but that his expectations were frustrated. With the case in this posture, the district court was justified in dismissing the petitioner's request under 28 U.S.C. § 2244(b). Petitioner's piecemeal, repetitious attacks on his guilty plea are an abuse of the writ of habeas corpus which justified the district court's action. See

Fulford v. Smith, 5 Cir., 1970, 432 F.2d 1225, 1227; Pritchard v. Henderson, 5 Cir., 1971, 440 F.2d 660. In this regard, we note that after repeated attacks in Florida state courts on the validity of his guilty plea, petitioner was denied further access to the state courts for the purpose of collaterally attacking his guilty plea.

■■ Finally, our own review of the record in this case convinces us that the guilty plea is not subject to attack on the basis of an unkept sentence bargain. In the guilty plea colloquy, petitioner stated that neither moral persuasion nor physical coercion had been utilized to induce the guilty plea, and specifically denied that any promises had been used to obtain the plea. Petitioner's "no bargain" statement on the record and under oath precludes retrial of this issue in a habeas corpus proceeding. See Bryan v. United States, 5 Cir., 1974, 492 F.2d 775, 780, cert. denied, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674. Moreover, there is no contention that the prosecutor or judge were involved in any alleged sentence bargain. Petitioner's allegation of a breached bargain is premised on the alleged statement to him by his own attorney that the sentencing judge generally gave sentences of about 20 years in second degree murder cases and that petitioner, as a first offender, might expect such a sentence. However, a good faith but erroneous prediction of a sentence by a defendant's counsel does not render the guilty plea involuntary. Masciola v. United States, 3 Cir., 1972, 469 F.2d 1057, 1059; Paradiso v. United States, 3 Cir., 1973, 482 F.2d 409. Compare Cooks v. United States, 5 Cir., 1972, 461 F.2d 530, 532 ("significant misleading statements"); Moorehead v. United States, 3 Cir., 1972, 456 F.2d 992 (actual, false misrepresentation); United States v. Valenciano, 3 Cir., 1974, 495 F.2d 585 (false representation a deal had been made with prosecutor); United States v. Hawthorne, 3 Cir., 1974, 502 F.2d 1183; Mosher v. LaVallee, S.D.N.Y., 1972, 351 F.Supp. 1101, aff'd, 491 F.2d 1346, cert. denied, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974) (false representation

that judge had committed himself to giving defendant a light sentence). For these reasons, the decision of the district court is Affirmed.

Affirmed.