**Billy Wayne SINCLAIR,**
**Petitioner-Appellant,**

v.

**STATE OF LOUISIANA,**
**Respondent-Appellee.**

No. 82–3077
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 2, 1982.

Billy Wayne Sinclair, pro se.

Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondent-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

In this federal habeas petition, Louisiana prison inmate Billy Wayne Sinclair asserts that his guilty plea to a robbery charge was not voluntarily and knowingly made in that no one informed him that a pending murder conviction might be imposed consecutively. The District Court dismissed the petition, finding it successive and an abuse of the writ under 28 U.S.C. § 2244 and Rule 9(b) governing actions under 28 U.S.C. § 2254. Sinclair has indeed raised these points in virtually identical wording on two previous occasions. As Justice O'Connor recently observed, society has "justified interests in the finality of criminal judgments." *U.S. v. Frady*, —— U.S. ——, ——, 102 S.Ct. 1584, 1598, 71 L.Ed.2d 816, (1982). "[W]e are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *Id.*, —— U.S. at ——, 102 S.Ct. at 1593. We affirm on the basis of Judge Polozola's thorough and scholarly opinion (attached as an appendix).

AFFIRMED.

APPENDIX

POLOZOLA, District Judge:

For the third time, Billy Wayne Sinclair has filed a suit in this Court seeking to overturn a guilty plea he entered to the crime of armed robbery in the 19th Judicial District Court. Petitioner has now filed a writ of error coram nobis. Petitioner contends that he did not enter the guilty plea with the full knowledge of the consequences of his actions. More specifically, petitioner contends that he was unaware that the armed robbery sentence would run consecutive to the life sentence that he received for his murder conviction. In support of his writ of error coram nobis, petitioner attaches an affidavit of the attorney who represented him in the armed robbery action, which states that Mr. Sinclair and the attorney did not discuss a possibility of consecutive sentences.

A review of the record reveals that Billy Wayne Sinclair is currently incarcerated at the Louisiana State Penitentiary at Angola, serving life imprisonment on a murder conviction and a 25 year sentence on an armed robbery conviction. On November 3, 1966, the accused, represented by counsel, withdrew his former plea of not guilty to the armed robbery charge and entered a plea of guilty to the said charge. After waiving the delay for sentencing, petitioner was sentenced to 25 years at the Louisiana State Penitentiary at Angola.

As noted earlier, this is the third time petitioner has requested this Court to review his guilty plea to the armed robbery charge. On two prior occasions, this Court has rejected petitioner's contentions that his plea was not voluntarily and intelligently entered. Thus, in *Billy Wayne Sinclair v. C. Murray Henderson*, Civil Action 71–355, the Court rejected petitioner's contentions that his plea should be set aside because the plea was not of an intelligent and voluntary nature, and that the state court made no effort to determine the voluntariness of his plea or that petitioner understood the consequences of his guilty plea.

Thereafter, in *Billy Wayne Sinclair v. C. Murray Henderson, Warden, Louisiana State Penitentiary*, Civil Action 73–331, the Court again rejected petitioner's contentions that he entered his plea involuntarily and without fully understanding the consequences of his guilty plea. Now, some eight years later, petitioner has filed a third attack on his plea again asserting that his plea was not voluntarily entered. Instead of filing an application for writ of habeas corpus, petitioner has filed a writ of error coram nobis. It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. *Stubenrouch v. Sheriff of St. Louis County, Clayton, Missouri*, 260 Fed. Supp. 910 (W.D.Mo.1966); *Theriault v. State of Mississippi*, 390 F.2d 657 (5 Cir. 1968). A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had. *Madigan v.*

*Wells*, 224 F.2d 577 (9 Cir. 1955), cert. denied, 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446; *Booker v. State of Arkansas*, 380 F.2d 240 (8 Cir. 1967). A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief. *Blake v. State of Florida*, 272 Fed.Supp. 557 (S.D.Fla.1967), aff. 395 F.2d 758 (5 Cir. 1968). Because this Court did not sentence the petitioner and since the function of the writ of error coram nobis is to permit a court to review its own judgment because of alleged errors not evident on the face of the record, petitioner's writ of error coram nobis filed with this federal court is inappropriate and therefore must be denied. However, the Court will treat the writ of error coram nobis as an application for writ of habeas corpus. As noted earlier, petitioner has on two occasions challenged his guilty plea which he entered to the armed robbery charge. In addition, petitioner has filed 8 other petitions for habeas corpus relief on the murder charge. In both of the applications which challenge the armed robbery charge, the Court, after carefully reviewing the circumstances surrounding the plea, found the plea to be voluntary and made with complete knowledge of the consequences of making such a plea. Petitioner now seeks to overturn the same guilty plea on the same ground, namely that he did not have a complete understanding of the sentencing consequences of the plea. However, a review of the petition filed herein reveals no new ground to set aside the plea which has not been previously raised before the Court. The petition which rehashes contentions disposed of previously by adding a few new allegations is not sufficient to merit reconsideration. *Cunningham v. Estelle*, 536 F.2d 82 (5 Cir. 1976); *Johnson v. Massey*, 516 F.2d 1001 (5 Cir. 1975). In the *Johnson* case, the Fifth Circuit Court of Appeals held that the district court's finding in an earlier habeas proceeding that the petitioner's guilty plea was knowingly and voluntarily entered was a determination on the merits which made petitioner's successive and related attack on

the plea one that was clearly without merit and subject to dismissal without hearing. The court also noted the inconsistencies in the petitioner's allegations concerning his plea. In the first petition filed with the court, Johnson maintained that he did not understand the nature of the plea. In the second petition filed with court, petitioner claimed that he understood the consequences of his plea, but that his expectations were frustrated. The court of appeals found that these allegations did not entitle the petitioner to another review of his guilty plea. The facts involving Mr. Sinclair are similar. Mr. Sinclair in his previous petitions claimed that his plea was not voluntary. In this petition he claims that his plea may have been voluntary but he did not understand the full implications of the plea. The Court, after reviewing the entire record, again concludes that petitioner knowingly and intelligently entered his plea with the advice of counsel with full knowledge of the consequences of his plea. Thus, for the third time this Court denies petitioner's application for writ of habeas corpus.

■ Petitioner's application for writ of habeas corpus should also be dismissed for an additional reason. It is well settled that piecemeal repetitious attacks on guilty pleas are an abuse of the writ. *Johnson v. Massey*, supra. Furthermore, Rule 9 of the rules governing habeas corpus petitions clearly states:

"(a) Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petition shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

(b) Successive petitions. A second successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged,

the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

This Court finds that under Rule 9(b), petitioner has failed to allege new or different grounds for relief, and that the prior determination made by the Court was on the merits. In addition, the Court further finds that petitioner could and should have alleged the grounds now being asserted herein in the prior petitions filed with the Court. Thus, the Court finds that petitioner's current application constitutes an abuse of the writ. It is clear that advancing grounds in a one-at-a-time fashion is an intolerable abuse of the writ of habeas corpus. *Fulford v. Smith*, 432 F.2d 1225 (5 Cir. 1970). Furthermore, Rule 9 is designed to eliminate repetitive assertions of identical claims and drawing out of litigation by deliberate presentation in bits and pieces. *Johnson v. Copinger*, 420 F.2d 395 (4 Cir. 1969). It is clear that Mr. Sinclair is an experienced writ writer and has filed numerous petitions with this Court contesting both his murder and his armed robbery convictions. The allegations raised in this particular application are allegations that could and should have been raised earlier in the two prior applications filed in this Court.

There simply must be a time when a conviction entered in a state court becomes final. To allow an inmate to continually raise the same issues to overturn a state court conviction is a clear abuse of the judicial system. There comes a time when a court must conclude that a conviction is valid and that the person who was convicted should serve the sentence prescribed by law. This is such a case. Mr. Sinclair entered the guilty plea to the armed robbery charge with full knowledge of the consequences of his plea while represented by competent counsel. Thus, for the third time, the Court must and does reject petitioner's application for a writ of habeas corpus.