802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLARD J. FEGLEY, Plaintiff-Appellant
v.
DAVID McCLAIN, JUDGE, Defendant-Appellee
 No. 86-3196.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 1
 BEFORE: ENGEL, NELSON and RYAN, Circuit Judges
 
 ORDER
 
 2
 The plaintiff appeals the order dismissing his pro se action as frivolous under 28 U.S.C. Sec. 1915(d). He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is an Ohio inmate serving a 4-25 year sentence for rape. He submitted to the district court a "Petition for Writ of Error Coram Nobis" in which he raised two claims. He first asserted his state sentence amounted to a death sentence (thereby rendering it cruel and unusual) because the fact of his pre-existing heart condition was not made part of the record in the sentencing court or considered in the imposition of sentence. He also asserted trial counsel rendered ineffective assistance by failing to make that condition part of the record.
 
 
 4
 The district court granted the plaintiff pauper status, but dismissed the action as frivolous under 28 U.S.C. Sec. 1915(d). The court reasoned the action was actually a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 and held the plaintiff failed to show exhaustion of available state remedies. This appeal followed.
 
 
 5
 A district court may dismiss an action as frivolous under Sec. 1915(d) "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). We conclude the district court did not err in dismissing the plaintiff's action under this standard. The record contains no allegations or statement of facts showing the plaintiff has presented or attempted to present the above claims to the state courts. The burden of showing exhaustion, of course, lies with the plaintiff. Darr v. Burford, 339 U.S. 200, 218-19 (1950); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).
 
 
 6
 The plaintiff argues strenuously that he does not need to satisfy the exhaustion requirement of Sec. 2254 because his action seeks a writ of coram nobis under 28 U.S.C. Sec. 1651. The extraordinary remedy of coram nobis, however, is available only in the court which rendered the judgment under attack; it is not available in federal courts as a means of attacking a state conviction. Sinclair v. State of Louisiana, 679 F.2d 513, 514-15 (5th Cir. 1982); Booker v. State of Arkansas, 380 F.2d 240, 243-44 (8th Cir. 1967). The district court properly construed the action as one under Sec. 2254 attacking the constitutionality of state incarceration.
 
 
 7
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 8
 Upon examination of the record and the plaintiff's pro se brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 9
 It is therefore further ORDERED that the district court's order of January 21, 1986, dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.