993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick L. DANIELSON, Plaintiff-Appellant,
v.
STATE OF ILLINOIS, Defendant-Appellee.
 No. 90-3852.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 17, 1993.
 
 Before BAUER, Chief Judge, CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Frederick Danielson filed an action in the nature of coram nobis seeking to overturn a 1969 Illinois burglary conviction. The district court denied Danielson leave to proceed in forma pauperis and dismissed his action under 28 U.S.C. § 1915(d), concluding that federal courts are without jurisdiction to entertain requests for coram nobis relief of state court convictions. Danielson appealed the court's decision, paid the docketing fee and filed his brief on appeal. We affirm.
 
 
 2
 Danielson is not "in custody" on the burglary conviction (having fully served his sentence long ago) and relief pursuant to 28 U.S.C. § 2254 therefore is not available to him. See Maleng v. Cook, 109 S.Ct. 1923, 1925 (1989). Similarly, the restrictions imposed on the writ of coram nobis preclude its application.
 
 
 3
 A motion in the nature of a writ of coram nobis enables a trial court to correct one of its judgments. The motion is a "step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." United States v. Morgan, 346 U.S. 502, 504 n. 4 (1954). Accordingly, relief can only be granted by the court that rendered the judgment. United States v. Stoneman, 870 F.2d 102, 106 (3rd Cir.1989); Brooker v. Arkansas, 380 F.2d 240, 244 (8th Cir.1967). Coram Nobis is not available to attack a state conviction in federal court. See, e.g., Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); Theriault v. Mississippi, 390 F.2d 657 (5th Cir.1968); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir.1962).
 
 
 4
 The district court's decision was correct and therefore it is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)