# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 97-10853
Summary Calendar

_____


LLOYD EDWIN HUMPHREYS,

                                        Petitioner-Appellant,

                          versus

UNITED STATES OF AMERICA;
BUREAU OF PRISONS; PATRICIA
SHINGLES, Community Corrections
Manager; DONCELLA MILTON,
Director of Community Corrections Ctr.,

                                        Respondents-Appellees.


_____


Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-160-T

_____
March 27, 1998
Before POLITZ, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lloyd Edwin Humphreys appeals the dismissal of his petition and motion challenging the calculation of his release date from federal custody under 28 U.S.C. § 2241, collaterally challenging his conviction under 28 U.S.C. § 2255, and seeking issuance of a writ of error *coram nobis*.

Humphreys was convicted in a trial before the United States District Court for the Northern District of Iowa. The court *à quo* lacked jurisdiction over the § 2255 claims.[1] Similarly, a writ of error corum nobis "can only issue to aid the jurisdiction of the court in which the conviction was had."[2] Accordingly, the trial court did not err in dismissing these claims.

Humphreys contends that the district court improperly determined that his § 2241 petition was moot. He was sentenced to a three-year term of probation commencing on the date of his release from confinement. He was so released on February 4, 1994. Obviously more than three years have passed since that date and Humphreys no longer suffers from any collateral consequences resulting from the calculation of his release date. Therefore there is no case or controversy before the court. The § 2241 petition is moot and there was no error in its dismissal.

---

[1]See **Ojo v. I.N.S.**, 106 F.3d 680 (5th Cir. 1997).

[2]**Sinclair v. State**, 679 F.2d 513 (5th Cir. 1982).

Humphreys contends that the district court erred in dismissing his action without holding a hearing. An evidentiary hearing is not required when the record is complete or in those instances in which the petitioner raises only legal claims that can be resolved without the presentation of additional evidence.[3] There is no dispute regarding Humphreys's actual release date or the length of his term of probation. Only legal issues are presented. Because Humphreys's § 2241 petition was moot and the district court lacked jurisdiction over the § 2255 and coram nobis claims, no hearing was required.

AFFIRMED.

---

[3]**Ellis v. Lynaugh**, 873 F.2d 830 (5th Cir. 1989) (§ 2254 case).