In re Alfonso CHAVEZ, Petitioner,

v.

**SUPERIOR COURT OF CALIFORNIA,**
Counties of Orange and Los
Angeles, Respondents.

**No. SACV011207RRC.**

United States District Court,
C.D. California.

March 20, 2002.

Thomas A. Mix, Carlsbad, CA, for Petitioner.

## MEMORANDUM DECISION AND ORDER ON HABEAS CORPUS PETITION

REAL, District Judge.

On December 14, 2001, petitioner Alfonso Chavez, through his attorney, filed a "Petition for Writ of Habeas Corpus and/or Error Coram Nobis," pursuant to 28 U.S.C. § 2254. The petitioner initially also named as respondent Thomas J. Schiltgen, District Director of the Immigration and Naturalization Service ("INS"); however, on January 9, 2002, petitioner dismissed without prejudice Mr. Schiltgen. The petitioner attacks, and seeks to strike, his convictions based on guilty pleas in Los Angeles County Superior Court case no. VA040213, and Orange County Superior Court case no. 97WF0493 on the ground that he was not

advised that he **definitely** would be removed or deported from the United States following his convictions. Thus, petitioner claims his due process rights were violated when he entered into these guilty pleas, his counsel rendered ineffective assistance in not advising him that he definitely would be deported, and the trial courts violated Penal Code § 1016.5 in not advising him that he definitely would be deported following entry into these guilty pleas. On the face of the petition, petitioner candidly states that he "was apprehended by the Immigration and Naturalization Service and removed to Mexico." Petition at 1:24–25.

## BACKGROUND

The petition and exhibits attached to it show that the petitioner became a legal permanent resident of the United States on July 20, 1989. Petition, Exh. D. On or about January 9, 1997, in Los Angeles County Superior Court case no. VA040213, petitioner pleaded guilty to robbery in violation of California Penal Code ("P.C.") § 211, and signed a plea agreement in which he acknowledged that he "under[stood] that if I am not a citizen of the United States, the conviction for the offense charged **may** have the consequences of deportation . . . pursuant to the laws of the United States." Petition, Exh. B (emphasis added). On or about October 31, 1997, in Orange County Superior Court case no. 97WF0493, petitioner pleaded guilty to two counts of robbery in violation of P.C. § 211, and signed a plea agreement in which he again acknowledged that he "under[stood] that if I am not a citizen of the United States the conviction for the offense charged may have the consequence of deportation . . . pursuant to the laws of the United States." Petition, Exh. D. Petitioner was sentenced to two years on the Los Angeles Superior Court conviction and a concurrent term of three years on the Orange County Superior Court conviction. Petition at 2:12–14, 6:19–21.

The petitioner admits that he did not appeal his convictions. Petition at 2:15–18. He notes that on March 13 and 14, 2000, he filed notices to withdraw his guilty pleas in both the Los Angeles and Orange County matters; however, both motions were denied. Petition at 2:27–3:6, Exhs. G–H. The petitioner also admits that he has not attempted to collaterally attack either the Los Angeles Superior Court or Orange Superior Court convictions in the California courts. Petition at 2:25–3:6.

On October 16, 1998, while petitioner was serving his term in state prison, he was served a Notice to Appear, advising him that due to his Los Angeles Superior Court conviction, he was subject to removal to Mexico pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. Petition, Exh. E. A removal hearing was held on November 10, 1998, before Immigration Judge Dennis R. James, who ordered petitioner be removed to Mexico. Petition, Exh. F. In the removal order, Judge James noted that petitioner "has made no application for relief from removal," and petitioner waived his right to appeal to the Immigration Appeals Board. *Id.*

## DISCUSSION

### I

A writ of habeas corpus under 28 U.S.C. § 2254 shall be entertained by a district court when brought "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Consti-

tution or laws or treaties of the United States."). The Supreme Court "ha[s] interpreted the statutory language [of Section 2254] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (per curiam) (*citing Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)).[1] "Because the 'in custody' requirement is jurisdictional, it is the first question we must consider...." *Williamson v. Gregoire,* 151 F.3d 1180, 1182 (9th Cir.1998) (*citing Cook,* 490 U.S. at 490, 109 S.Ct. at 1925), *cert. denied,* 525 U.S. 1081, 119 S.Ct. 824, 142 L.Ed.2d 682 (1999).

█ Here, petitioner candidly admits he has been removed to Mexico; thus, he is no longer in the custody of either the State of California or the Immigration and Naturalization Service. "[W]e have never extended [the 'in custody' requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction." *Cook,* 490 U.S. at 492, 109 S.Ct. at 1926; *Allen,* 153 F.3d at 1048–49; *DeLong v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990); *cf. Miranda v. Reno,* 238 F.3d 1156, 1158–59 (9th Cir.) ("Immigrants who have already been removed, such as [petitioner], do not satisfy the 'in custody' requirement of habeas corpus jurisdiction."), *cert. denied,* —— U.S. ——, 122 S.Ct. 541, 151 L.Ed.2d 419 (2001). Thus, since petitioner is not in custody or subject to any restraint, this Court does not have jurisdiction to hear this matter.

Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its sum-

mary dismissal...." 28 foll. U.S.C. § 2254, Rule 4. Here, it appears on the face of the petition and its attachments that the petitioner is not in custody, and, thus, the instant action should be summarily dismissed for lack of subject matter jurisdiction.

## II

█ The petitioner's citation to a petition for writ of error coram nobis, or other writs, is also to no avail. "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana,* 679 F.2d 513, 514 (1982) (per curiam). Further, the writ of error coram nobis "cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions." *Rivenburgh v. State of Utah,* 299 F.2d 842, 843 (10th Cir.1962); *Madigan v. Wells,* 224 F.2d 577 (9th Cir.1955), *cert. denied,* 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446 (1956).

█ Similarly, petitioner's reliance on the All Writs Act, 28 U.S.C. § 1651(a), is misplaced. The All Writs Act provides that "all courts ... may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. *Lights of America, Inc. v. United States District Court,* 130 F.3d 1369, 1370 (9th Cir.1997).

## ORDER

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DIS-

---

**1.** The habeas corpus statute discussed in Cook was 28 U.S.C. § 2254. *Allen v. State of Ore-* *gon,* 153 F.3d 1046, 1049 n. 2 (9th Cir.1998).

MISSING the petition for writ of habeas corpus for lack of subject matter jurisdiction.