Victor MARTINEZ, Petitioner,

v.

Bill LOCKYER, et al.  Respondents.

No.  CV 06–1449 MMM (AJW).

United States District Court,
C.D. California,
Western Division.

Aug. 30, 2006.

---

Victor Martinez, San Pedro, CA, pro se.

Vince Farhat, Lisa J. Brault, Office of US Attorney, Los Angeles, CA, for Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

MORROW, District Judge.

The Court has reviewed the entire record in this action, the Report and Recommendation of Magistrate Judge ("Report"), and petitioner's objections. The Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a *de novo* determination of the portions to which objections were directed.

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

WISTRICH, United States Magistrate Judge.

### Proceedings

Petitioner, who is in federal custody pursuant to a 2002 immigration removal order, filed this petition for a writ of coram nobis. The petition challenges petitioner's 1994 conviction in the Los Angeles Superior Court, which resulted in a sentence of two years in state prison. [Petition at 1–2; Answer, Ex. A]. Respondent filed an answer to the petition, and petitioner filed a reply.

## Discussion

### 1. Petitioner cannot proceed by way of coram nobis

■ "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir.1982) (per curiam); *see Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir.2003) (coram nobis is not available in a federal court as a means of attack on a state criminal judgment); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir.1992) (same); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir.1964) (same); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir.1962) (same). As the Fifth Circuit explained:

> A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief.

*Sinclair*, 679 F.2d at 514. Further, the writ of error coram nobis "cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions." *Rivenburgh*, 299 F.2d at 843; *see Madigan v. Wells*, 224 F.2d 577, 578 (9th Cir.1955), *cert. denied*, 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446 (1956); *Chavez v. Superior Court of California*, 194 F.Supp.2d 1037, 1038–1039 (C.D.Cal.2002). Accordingly, petitioner may not proceed by way of a writ of coram nobis.[1]

### 2. The "in custody" requirement

■ Pursuant to 28 U.S.C. section 2241(c)(3), a petitioner must be "in custody" in order to obtain relief in a habeas corpus proceeding. The custody requirement is satisfied if the petitioner is "in custody" when the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). A petitioner on parole is deemed to be in custody for purposes of a habeas corpus proceeding. *Jones v. Cunningham*, 371 U.S. 236, 237–243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). A habeas petitioner is not in custody, however, when the sentence imposed for the challenged conviction has fully expired at the time the habeas petition is filed. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam). Further, once the petitioner is unconditionally released, the collateral consequences of the conviction are not sufficient to render the petitioner in custody for the purposes of a habeas petition. *Maleng*, 490 U.S. at 492, 109 S.Ct. 1923.

■ There is no dispute that petitioner was not in custody by reason of his 1994 conviction at the time this petition was filed. *See Maleng*, 490 U.S. at 490–491, 109 S.Ct. 1923; *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Instead, petitioner already had been unconditionally released from custody nearly a decade earlier. That is, he was no longer incarcerated, and had been discharged from parole. Accordingly, he does not meet the in custody requirement of section 2241(c)(3).[2]

---

**1.** In *United States v. Kwan*, 407 F.3d 1005, 1012–1014 (9th Cir.2005), the Ninth Circuit entertained a coram nobis petition challenging a federal conviction filed by an alien who had served his sentence on the conviction, but who was ordered removed as a result of that conviction. Because petitioner is not challenging a federal conviction, however, *Kwan* does not apply to petitioner.

**2.** In fact, it does not appear that petitioner is suffering collateral consequences from the 1994 conviction he challenges. Petitioner was found deportable based upon two sepa-

Accordingly, this Court lacks jurisdiction to entertain the petition. *See Maleng*, 490 U.S. at 492, 109 S.Ct. 1923; *see also* 28 U.S.C. § 2254(a); *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 159 (3d Cir.1997), *cert. denied*, 522 U.S. 1136, 118 S.Ct. 1097, 140 L.Ed.2d 152 (1998).[3]

## Conclusion

It is recommended that judgment be entered dismissing the petition.

July 28, 2006.

rate convictions—one in 1996 and the other in 2001—not the 1994 conviction. [Answer, Ex. L].

3. Finally, to the extent that petitioner may seek to rely upon the All Writs Act, 28 U.S.C. § 1651(a), such reliance is misplaced. The All Writs Act provides that "all courts ... may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. *Lights of America, Inc. v. United States District Court*, 130 F.3d 1369, 1370 (9th Cir.1997).