**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed May 15, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00437-CR

———————

### IN RE ANDRE LEON ESTER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court No. 739367**

## M E M O R A N D U M   O P I N I O N

On May 4, 2012, relator, Andre Leon Ester, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52.1. In his petition, realtor asks that we direct the respondent, the presiding judge of the 176th District Court, to set aside his final felony conviction in cause number 739367.[1]

This court lacks jurisdiction to grant the requested relief.   Only the Texas Court of

---

[1] Relator also states that he seeks issuance of a writ of error coram nobis, a procedure used to challenge a federal conviction for alleged errors not evident on the face of the record.  *See Sinclair v. State,* 679 F.2d 513, 515 (5th Cir. 1982).   State courts construe such writs as petitions for writ of habeas corpus.  *See In re Randle,* No. 02-05-01087-CR, 2006 WL 1767833, *1 (Tex. App.—Houston [1st Dist.] June 29, 2006, orig. proceeding) (not designated for publication).

Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

Accordingly, relator's petition for writ of mandamus is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.
Do Not Publish – Tex. R. App. P. 47.2(b).