**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed July 10, 2012**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00575-CR

### IN RE ANDRE LEON ESTER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Harris County, Texas**
**Trial Court No. 739367**

---

## MEMORANDUM OPINION

On June 20, 2012, relator Andre Leon Ester filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In his petition, realtor asks that we direct the respondent, the presiding judge of the 176th District Court, to set aside his final felony conviction in cause number 739367.[1]

---

[1] Relator also states that he seeks issuance of a writ of error coram nobis, a procedure used to challenge a federal conviction for alleged errors not evident on the face of the record. *See Sinclair v.*

This court lacks jurisdiction to grant the requested relief. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist*., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

Accordingly, relator's petition for writ of mandamus is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher and Jamison.
Do Not Publish – Tex. R. App. P. 47.2(b).

---

*State,* 679 F.2d 513, 515 (5th Cir. 1982). State courts construe such writs as petitions for writ of habeas corpus. *See In re Randle,* No. 02-05-01087-CR, 2006 WL 1767833, *1 (Tex. App.—Houston [1st Dist.] June 29, 2006, orig. proceeding) (not designated for publication).