# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2014

Lyle W. Cayce
Clerk

CURTIS LEE SHEPPARD, JR.,

Petitioner-Appellant

v.

TEXAS COURT OF CRIMINAL APPEALS,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:13-CV-62

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Curtis Lee Sheppard, Jr., Texas prisoner # 1656666, appeals the district court's dismissal of the instant suit without prejudice for want of prosecution. Sheppard initiated the suit by filing a "Notice of Appeal" with the district court, purportedly appealing the denial of a petition for a writ of mandamus by the Texas Supreme Court. The district court instructed Sheppard to file an amended complaint using the court's civil rights complaint form and to pay the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10374

filing fee or move to proceed in forma pauperis.  The court also warned that the failure to comply with its order would result in the dismissal of the case. Sheppard failed to comply with the district court's order.

On appeal, Sheppard argues that the district court erred in dismissing what he says was a petition for a writ of coram nobis.  If the district court had treated the "Notice of Appeal" as a petition for a writ of coram nobis, as Sheppard suggests, or as a petition for a writ of mandamus, it could have dismissed the suit with prejudice.  *See Sinclair v. State of La.*, 679 F.2d 513, 514 (5th Cir. 1982); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  Further, because the named defendant in the instant case, the Texas Court of Criminal Appeals, did not have custody of Sheppard, the suit did not sound in habeas.  *See* 28 U.S.C. § 2254.  The district court nevertheless gave Sheppard a chance to restyle his suit as a civil rights action, but he failed to do so.

For the foregoing reasons, Sheppard has not shown that the district court abused its discretion in dismissing his suit without prejudice for want of prosecution.  *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).  The district court's judgment is AFFIRMED.