# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2017

Lyle W. Cayce
Clerk

ROBERT JAMES BACK, also known as Robert Back,

Plaintiff-Appellant

v.

AMARILLO POLICE DEPARTMENT, AMARILLO, TEXAS; POTTER COUNTY DISTRICT ATTORNEY'S OFFICE, POTTER COUNTY, TEXAS; THE 320TH JUDICIAL DISTRICT COURT FOR POTTER COUNTY, TEXAS,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-269

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert James Back, Texas prisoner # 1465630, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying him relief on his petition for a writ of error coram nobis. Back wishes to challenge his 2007 state robbery conviction. In denying the motion, the district court noted that Back was attempting to circumvent the limitations on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11054

filing a successive 28 U.S.C. § 2254 application and that coram nobis relief was not an available remedy. The district court also certified, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), that Back's appeal was not taken in good faith.

By moving to proceed IFP in this court, Back is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

As the district court noted, a writ of coram nobis "can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982). Moreover, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Id.*

Back does not dispute that he remains in state custody pursuant to his 2007 conviction or that he requested relief from his 2007 state conviction but instead argues that coram nobis relief is proper under the "all writs statute" and the miscarriage of justice doctrine. His arguments are unavailing. The district court did not have authority to grant coram nobis relief to a state prisoner seeking to attack a state court judgment. *See id.* Back has failed to demonstrate that the instant appeals "involve[] legal points arguable on their merits." *Howard*, 707 F.2d at 220.

Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeals are DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.