# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50440

United States Court of Appeals
Fif h Circuit

**FILED**
May 9, 2017

Lyle W. Cayce
Clerk

ROBERT BACK,

Plaintiff–Appellant,

versus

UNIVERSITY TEXAS MEDICAL BRANCH–
  CORRECTIONAL MANAGED HEALTHCARE;
STEVEN BOWERS, Doctor, Defendants Sued in Their Individual Capacities,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-129

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Back, Texas prisoner # 1465630, moves for leave to proceed *in forma pauperis* ("IFP") in his appeal of the dismissal of his civil rights lawsuit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50440

under 28 U.S.C. § 1915(e)(2)(B).  The district court certified that the appeal was not taken in good faith for the reasons in its order dismissing the case.  Thus, the district court's certification decision is inextricably intertwined with the merits of the case, to which we now turn.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Where, as here, the district court dismisses a complaint under § 1915(e)(2)(B) as both frivolous and for failure to state a claim, we review the dismissal *de novo*.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  Back's complaint is based on his allegation that Dr. Steven Bowers, aided and abetted by the University of Texas Medical Branch, submitted a perjurious affidavit in a federal civil action, filed by Back, that has been dismissed.  The alleged perjurious statement consists of a single sentence in a five-page affidavit, and, read in context, the statement offers an ultimate opinion on the merits of Back's civil claim rather than a statement of fact.  Although Back maintains that he has stated a cognizable claim, he has failed to identify which of his federal rights has been violated.  Accordingly, the district court did not err in dismissing the complaint as frivolous and for failure to state claim.  *See Samford*, 562 F.3d at 678; *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

Back is incorrect in stating that the district court improperly granted a motion filed per Federal Rule of Civil Procedure 12(b)(6) in the absence of affidavits and evidence from the defendants.  If such extra-pleading materials had been accepted and considered, the motion would have been converted to one filed per Federal Rule of Civil Procedure 56.  *See* FED. R. CIV. P. 12(d).  Finally, to the extent that Back seeks civil-contempt sanctions, they must be sought in the original action.  *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444–45 (1911).

No. 16-50440

In light of the foregoing, Back has failed to show that his appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.3d 215, 220 (5th Cir. 1983). We therefore deny his IFP motion and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Back's complaint and our dismissal of this appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Back has recently had another civil appeal dismissed as frivolous, *Back v. Amarillo Police Dep't*, ___ F. App'x ___, No. 15-11054, 2017 WL 367961 (5th Cir. Jan. 25, 2017), and that dismissal also counts as a strike under § 1915(g), *Adepegba*, 103 F.3d at 387. Having now accumulated three strikes for purposes of § 1915(g), Back may no longer proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. § 1915(g).