# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

ROBERT BACK,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL INSTITUTIONS DIVISION; BALDEN POLK; JONATHAN CLARK; JONATHAN TEAFF; KIMBERLY PLENTL; KEVIN PINNY; BRADLEY YANCY; DERRICK SWANSON; C. MCKELLAR; KELVIN SCOTT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-15

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Back, Texas prisoner # 1465630, filed a lawsuit regarding events that took place while he was housed at the Powledge Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). Finding no error in the district court's dismissal of Back's claims, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41207

I

Upon being transferred to the Powledge Unit, Back requested a medical storage box because the standard under-bunk storage box was inadequate to store the braces and splints he uses to help him walk, his legal material, and his personal property. Because of problems with Back's knees, as well as problems with his shoulder, the under-bunk box was also difficult for Back to access. In December 2015, Kimberly Plentl confiscated all of Back's property because it exceeded the capacity of his under-bunk storage box. After 38 days, Back's property was returned because Plentl had not properly filled out the confiscation paperwork. Citing the denial of his request for a subsequent medical storage box, Back alleged that the TDCJ violated his rights under the Americans with Disabilities Act (ADA). With respect to the other defendants, Back also alleged that his property had been improperly taken, that the confiscation of his legal material deprived him of access to the courts, and that he had been criminally extorted. He sought relief for those claims under 42 U.S.C. § 1983.

The district court dismissed Back's non-ADA claims under 28 U.S.C. § 1915A(b)(1) and allowed his ADA claim to proceed. Ultimately, though, it found that Back had not alleged facts showing any intentional discrimination, and it dismissed the ADA claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and because the TDCJ was entitled to sovereign immunity under the Eleventh Amendment. Back timely appealed.

II

At the outset, we consider the various motions Back has filed in this court. The motion to stay portions of this appeal and the motion to strike the appellees' brief are denied. The motion to expand the record to include the record from a prior civil complaint, which was the subject of Appeal No. 15-

No. 16-41207

50982, is denied as unnecessary because we may take judicial notice of appropriate portions of the record in that prior case to the extent necessary to resolve the issues presented here by Back. *See United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001).

## III

After the entry of the magistrate's report recommending the dismissal of Back's non-ADA claims but before the district court dismissed those claims, Back moved for leave to amend or supplement his ADA claim under Federal Rule of Civil Procedure 15(d) in order to avoid the dismissal of his § 1983 claims. Back contends that the denial of his motion was meant to prevent him from proceeding with a valid and meritorious claim. However, because Back's proposed supplemental complaint sought to reurge and/or reframe matters already before the district court, the district court did not abuse its discretion in denying the Rule 15(d) motion. *See* FED. R. CIV. P. 15(d); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014); *Haggard v. Bank of the Ozarks, Inc.*, 668 F.3d 196, 202 (5th Cir. 2012). Consequently, his arguments that Plentl used excessive force against him and that the confiscation of his property was retaliation for his prior litigation, which arguments stem from claims that were raised in his proposed supplemental complaint, are not considered here.

## IV

We review de novo a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *See Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016); *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Conclusory allegations, unwarranted factual inferences, and legal conclusions will not suffice. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). A dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim is also reviewed de novo. *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir.), *cert. denied*, 137 S. Ct. 489 (2016).

A

Title II of the ADA provides that individuals with disabilities shall not "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (en banc) (quoting 42 U.S.C. § 12132). To state a claim for relief under Title II, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Back argues here that the district court improperly decided the third prong of the ADA test by deciding the weight and credibility of the evidence. The district court found the third prong of the ADA analysis to be problematic because Back requested the medical storage box not only because he needed additional storage room but because he had physical difficulty accessing the standard under-bunk storage box. Rather than finding that there was no discrimination, as Back asserts, the district court found that there were no factual allegations demonstrating that the TDCJ, in denying Back a medical storage box, *intentionally* discriminated against him due to his disability. A

showing of intentional discrimination is essential to success on an ADA claim. *See Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002). The determination that Back had not shown intentional discrimination was based solely on his allegations and did not involve any weighing of the evidence.

In a related argument, Back contends that the fact that he was issued a medical storage box on two other units for the same permanent disability is, by itself, enough to give rise to the inference that the denial of the box at the Powledge Unit had a discriminatory basis. However, Back's own allegation that other offenders with the same disability received a medical box at the Powledge Unit suggests that the failure to issue the box to Back had nothing to do with his disability. In any case, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Back has alleged no specific facts that would give rise to a reasonable inference that the TDCJ, when denying him a medical storage box at the Powledge Unit, intentionally discriminated against him because of any disability. Therefore, the district court did not err in dismissing his ADA claim against the TDCJ under Rule 12(b)(6). *See Bell Atl. Corp.*, 550 U.S. at 555; *Hale*, 642 F.3d at 499; *Delano-Pyle*, 302 F.3d at 575.

B

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, to prevail on an access-to-the-courts claim, a prisoner must show that an actionable claim was rejected. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). Because Back conceded that did not suffer any adverse

consequences in his active legal cases due to the confiscation of his legal property, the district court properly determined that he had failed to state a viable claim that he had been denied access to the courts. *See id.*

Back asserts that the defendants' acts surrounding the confiscation of his property were "acts of 'organized criminal conduct of threat of physical harm to his person'" and that Plentl's actions could be characterized as extortion or robbery. He asserts that the district court erred in failing to draw the reasonable inference that he was unconstitutionally extorted or robbed of his legal materials by an organized criminal gang. The district court correctly stated that a prisoner does not have a constitutional right to have someone criminally prosecuted and that he has no private right of action to bring criminal charges. *See Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *see also Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999).

Finally, Back contends that the other prison officials who were present when Plentl threatened him or who failed to take action on his complaints about those threats are also liable to him. However, a defendant cannot be held liable under § 1983 on a theory of vicarious liability, including *respondeat superior*. *Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979); *see also Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Because Back did not allege any personal involvement by the supervisory officials, the district court correctly determined that no defendants other than Plentl could be held liable for Plentl's words and actions, and it correctly dismissed Back's claims against the supervisory officials under § 1915A(b)(1). *See Iqbal*, 556 U.S. at 676; *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).

No. 16-41207

V

The judgment of the district court is AFFIRMED.  In *Back v. Univ. Texas Med. Branch-Corr. Managed Healthcare*, 689 F. App'x 302, 303 (5th Cir. 2017), issued after Back's notice of appeal in this case, this court informed Back that he had three strikes for purposes of 28 U.S.C. § 1915(g) and that he was barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  This bar is still in effect.

AFFIRMED; MOTIONS DENIED.