# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40759
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2020

Lyle W. Cayce
Clerk

HERRON KENT DUCKETT,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1167

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Herron Kent Duckett, Texas prisoner # 1920602, has appealed the denial, for lack of jurisdiction, of any relief on his ostensible coram nobis motions challenging his jury trial conviction and 40-year sentence for evading arrest by use of a vehicle and for using or exhibiting a deadly weapon during his evasion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40759

"The writ of coram nobis is an extraordinary remedy" unavailable to those still incarcerated. *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (italicization omitted). The writ "can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982). "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Id.* Thus, the district court did not err in deciding that it lacked jurisdiction to grant Duckett coram nobis relief, because he is imprisoned pursuant to a state court judgment. *See id.*; *see also United States v. Bowler*, 252 F.3d 741, 743 (5th Cir. 2001).

Duckett's coram nobis motions in reality seek § 2254 relief, and thus would be successive habeas applications, given that they challenge the same judgment that Duckett unsuccessfully attacked before in a § 2254 proceeding. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). But, as the district court recognized, it was without jurisdiction to construe the motions as successive § 2254 applications and grant relief on that basis, as we had not authorized Duckett to file them. *See Hooker v. Sivley*, 187 F.3d 681, 681-82 (5th Cir. 1999); *see also* 28 U.S.C. § 2244(b)(3)(A).

Because the district court recognized that it lacked jurisdiction to grant Duckett any relief, the judgment is AFFIRMED. In view of the foregoing, we DENY Duckett's motion for appointment of counsel and motion for bail.

2