994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Kilm ADKINS, Appellant.
 No. 92-2829.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1993.
Filed: May 17, 1993.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kilm Adkins appeals the sentence imposed after he pleaded guilty to conspiring to distribute fifty grams or more of cocaine base and to using a firearm in relation to drug trafficking offenses. Adkins argues the district court[1] erred in sentencing him as a career offender under U.S.S.G. § 4B1.1. We affirm.
 
 
 2
 Although Adkins's plea agreement provided that he is a career offender "within the definition and meaning of the Sentencing Guidelines," he objected to the presentence report's recommendation that he be sentenced as a career offender under § 4B1.1, arguing that he is not a career offender because a prior Oklahoma robbery conviction was constitutionally invalid and therefore may not be counted. The district court overruled this objection because the prior conviction had not previously been ruled constitutionally invalid, relying upon United States v. Hewitt, 942 F.2d 1270 (8th Cir. 1991). The district court determined that Adkins's base offense level under § 4B1.1 was 37, granted him a two-level reduction for acceptance of responsibility, and sentenced him to 352 months in prison.
 
 
 3
 In Hewitt, we held that a prior conviction must be included in determining a defendant's criminal history category under § 4A1.1 unless the conviction has been "previously ruled constitutionally invalid," as expressly provided in Application Note 6 to § 4A1.2. See 942 F.2d at 1276. On appeal, Adkins argues that Hewitt is distinguishable because it involved the determination of criminal history category rather than career offender status. However, the Guidelines expressly provide that, "The provisions of § 4A1.2 ... are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2, comment. (n.4). Therefore, Application Note 6 to § 4A1.2, as construed in Hewitt, governs the career offender issue in this case.
 
 
 4
 Adkins further argues that Hewitt misconstrued the Guidelines and is contrary to decisions in other circuits. However, we have repeatedly followed Hewitt, and its interpretation of the Guidelines is binding upon other panels of this court. See, e.g., United States v. Elliott, No. 92-2434 (8th Cir. May 11, 1993).
 
 
 5
 The district court properly sentenced Adkins as a career offender. Its judgment is affirmed.
 
 
 
 [1]
 The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri