**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 1, 2005**

**TENTH CIRCUIT**

KILM ADKINS,

      Petitioner - Appellant,

v.

DENNIS CALLAHAN, Warden, FTC;
THE ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 05-6019
(D.C. No. 04-CV-1338-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

      Petitioner-Appellant Kilm Adkins, a federal prisoner appearing pro se, seeks to appeal the dismissal of his petition for a writ of coram nobis. 28 U.S.C. § 1651. He seeks leave to appeal in forma pauperis.

      In the Western District of Missouri, Mr. Adkins was convicted on a guilty

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

plea of conspiring to distribute cocaine base and using a firearm in relation to a drug trafficking offense and sentenced to 352 months in prison; the judgment was affirmed on appeal. United States v. Adkins, No. 92-2829, 1993 WL 157428 (8th Cir. May 17, 1993). Mr. Adkins states that he was resentenced to 322 months after a § 2255 motion in the sentencing court. He then filed a § 2241 habeas petition in federal court in South Carolina without relief.

Mr. Adkins is required to demonstrate not only a financial inability to pay the required fees, but also "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation and citation omitted). Although a § 1651 petition is not a "civil action" for purposes of § 1915(a)(2) and (b), a petitioner still must comply with the good faith requirements of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), and the appeal is subject to dismissal if shown to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); McIntosh, 115 F.3d at 812.

In the Tenth Circuit and at least three other federal appellate circuits, a writ of "coram nobis is not available in a federal court as a means of attack on a state criminal judgment." Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (citing cases); see also Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962). Moreover, to the extent that Mr. Adkins is attacking his criminal conviction and

sentence from the Western District of Missouri, we lack jurisdiction. <u>Haugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000). Finally, we agree that the petition should not be recharacterized as a petition for writ of habeas corpus. <u>United States v. Carpenter</u>, 24 Fed. Appx. 899, 904 (10th Cir. Nov. 29, 2001). Accordingly, Mr. Adkins has failed to show the existence of a nonfrivolous argument on the law and facts in support of the issues raised on appeal.

We DENY Mr. Adkins's motion to proceed IFP and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge