### In the Matter of BBC INTERNATIONAL, LTD., et al., Petitioners.

Nos. 96–2770, 96–3078.

United States Court of Appeals, Seventh Circuit.

Oct. 1, 1996.

Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Petitioners are the defendants in a patent suit that is about to go to trial in the Western District of Wisconsin. In No. 96–2770 they ask us to direct the judge to transfer the litigation to the Southern District of New York under 28 U.S.C. § 1404(a), asserting that it would be substantially more convenient for the parties and witnesses. In No. 96–3078 they ask us to vacate one order directing BBC International to appear for a deposition, another order permitting Orlaford Ltd. (the plaintiff) to file a second amended complaint, and a third order limiting the questions that may be asked at two depositions. These petitions are problematic under the stringent standards for issuing writs of mandamus, see *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Powers v. Chicago Transit Authority*, 846 F.2d 1139 (7th Cir.1988), and Orlaford has asked us not only to deny them but also to impose sanctions for frivolous filings. But there is an antecedent problem: jurisdiction.

 Courts of appeals may issue writs of mandamus "in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Mandamus anticipates an appeal. When waiting until the end of the case would thwart effective correction (and the other requirements for use of the writ are met), the court of appeals steps in early. See *FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1966) (describing the power to issue mandamus as an adjunct to the power to hear an appeal that "extends to the potential jurisdiction of the

appellate court where an appeal is not then pending but may be later perfected"). But this assumes that the court from which mandamus is sought is the one that will hear the ultimate appeal. A request to a different appellate court for a writ of mandamus is improper. See *In re Ojeda Rios*, 863 F.2d 202 (2d Cir.1988); *General Electric Co. v. Byrne*, 611 F.2d 670 (7th Cir.1979). That is our situation, for we would not have jurisdiction over an appeal from the final decision.

The underlying case is a patent suit, and as a result of 28 U.S.C. § 1295(a)(1) any appeals from a final decision (including a collateral order appealable *as* a "final decision") will go to the federal circuit. To be sure, the petitions for mandamus raise non-patent *issues*, but we held in *Kennedy v. Wright*, 851 F.2d 963 (7th Cir.1988), and *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573 (7th Cir.1991), that the nature of the issue does not matter. If the district court's jurisdiction rests on a patent claim, then an appeal from an entirely non-patent disposition goes to the federal circuit. Because mandamus is designed to aid or anticipate jurisdiction, a court that lacks jurisdiction over the final decision lacks power to issue a writ of mandamus. What jurisdiction have we that a writ of mandamus could "aid"?

Neither petitioners nor our own independent search turned up any case, from any of the regional circuits, issuing (or even claiming the authority to issue) a writ of mandamus in a patent case where the appeal lies to the federal circuit. No opinion we could find denies this power either—perhaps the point is just too clear to be litigated. There are plenty of petitions to the federal circuit itself, and there is no doubt whatever that the federal circuit has the authority to supply the relief petitioners seek. See *In re Regents of the University of California*, 964 F.2d 1128 (Fed.Cir.1992) (asserting authority to issue mandamus to require transfer of pending case from one district to another, but denying petition on discretionary grounds). See also *In re Cordis Corp.*, 769 F.2d 733, 736 (Fed.Cir.1985). The presence of authority in the federal circuit means the absence of authority in the regional circuits; it just will not do to have two appellate courts with supervisory authority over the same case at the same time.

In opposing Orlaford's motion to dismiss or transfer, petitioners rely on the fact that the district court's orders are not *yet* appealable to the federal circuit (as if that mattered) plus *In re Innotron Diagnostics*, 800 F.2d 1077 (Fed.Cir.1986). *Innotron Diagnostics* says that the federal circuit usually will deny mandamus concerning housekeeping and other non-patent issues. Petitioners read this as a denial of "authority" to issue writs of mandamus, but this is not at all what the opinion says; there is a big difference between denying authority to act and denying an inclination to use authority. Courts of appeals are supposed to be reluctant to issue writs of mandamus, and the federal circuit's reluctance hardly authorizes judge shopping.

Power to issue writs of mandamus depends on power to entertain appeals when the case ends. We lack the power to entertain an appeal, and therefore we lack the power to consider the petitions for mandamus. They are hereby transferred to the federal circuit under 28 U.S.C. § 1631. We likewise transmit the associated motions for stays pending decision and for sanctions. As we lack authority to issue mandamus, we lack authority to issue stays. The request for sanctions, which is within our jurisdiction, *Willy v. Coastal Corp.*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), is nonetheless best considered by the court that entertains the petitions on the merits.