**LIGHTS OF AMERICA, INCORPORATED, a California corporation, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, Respondent,**

No. 97–70823.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1997.

Decided Dec. 15, 1997.

Victor de Gyarfas and William J. Robinson, Graham & James, Los Angeles, CA, for petitioner.

Breton A. Bocchieri and Frank D. Francone, Bronson, Bronson & McKinnon, Los Angeles, CA, for the real party in interest.

Before: CYNTHIA HOLCOMB HALL, BRUNETTI and RYMER, Circuit Judges.

PER CURIAM:

In this action for patent and trademark infringement against SK America, Inc. (SK), Lights of America, Inc. (LOA) filed an emergency petition for writ of mandamus directing the district court to vacate its "Dispositive Motion Referral Order" (referring to a Special Master three summary judgment motions, one motion to dismiss, and discovery matters) and to clarify that a Special Master must comply with Fed.R.Civ.P. 53 and Local Rules 25.11 and 25.12 on all discovery matters. A motions panel of this court stayed these orders pending consideration of the petition on the merits, and ordered a response.[1] We vacate the stay, and dismiss the petition for lack of jurisdiction.

SK argues that subject matter jurisdiction is lacking because only the Court of Appeals for the Federal Circuit has appellate jurisdiction over patent infringement actions. It maintains that this includes all issues in any case containing patent infringement claims. LOA contends that its petition invokes our supervisory power, which LOA says the Federal Circuit has indicated that it will not exercise over district courts in connection with such matters as the appointment and authority of a special master. SK responds that the Federal Circuit has mandamus power, whether or not it declines to exercise it and that, in any event, how the Federal Circuit exercises its jurisdiction has nothing to do with whether the Ninth Circuit has it to begin with.

We agree with SK. Courts of appeals have authority to issue writs of mandamus under the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). However, the Supreme Court has long held that the All Writs Act is not itself a source of jurisdiction. *See, e.g., McClung v. Silliman,* 19 U.S. (6 Wheaton) 598, 601–02, 5 L.Ed. 340 (1821) (interpreting a predecessor to the All Writs Act as intending to vest jurisdiction only "in cases where the jurisdiction already exists, and not where it is to [sic] courted or acquired, by means of the writ proposed to be sued out"). Thus, courts must possess an independent source of jurisdiction before entertaining a request for a writ of mandamus. *See, e.g., Stafford v. Superior Ct.,* 272 F.2d 407, 409 (9th Cir.1959) ("The All Writs Act ... does not operate to confer jurisdiction ... since it may be invoked by a ... court only in aid of jurisdiction which it already has.").

Where jurisdiction in the district court is based in whole or in part on 28 U.S.C. § 1338, the Federal Circuit has exclusive jurisdiction over appeals. 28 U.S.C. § 1295(a)(1). This includes writs of mandamus. As Judge Easterbrook wrote for the Seventh Circuit in *In re BBC International,* 99 F.3d 811 (7th Cir.1996), the Federal Circuit has exclusive jurisdiction over petitions for writs of mandamus in patent cases because "a court that lacks jurisdiction over the final decision lacks power to issue a writ of mandamus." *Id.* at 813. This is so even where the writ substantively does not implicate patent law.

We are unpersuaded by LOA's arguments that two Federal Circuit opinions, *In re Innotron Diagnostics,* 800 F.2d 1077 (Fed.Cir. 1986), and *In re International Medical Prosthetics,* 739 F.2d 618 (Fed.Cir.1984), indicate that the Federal Circuit has no "supervisory"

---

1. LOA's argument that this court has jurisdiction under the law of the case doctrine fails because "the doctrine of 'law of the case' is inapplicable to the question of our jurisdiction to consider an appeal." *United States v. Houser,* 804 F.2d 565, 569 (9th Cir.1986).

authority over the district courts. The language in these cases "disavowing supervisory authority," *Innotron,* 800 F.2d at 1082, merely reflects a (proper) reluctance to issue extraordinary writs. *In re BBC,* 99 F.3d at 813. As later Federal Circuit opinions illustrate, the Federal Circuit does have jurisdiction to exercise supervisory authority and is willing to do so where appropriate. *See, e.g., In re Regents of Univ. of Calif.,* 964 F.2d 1128, 1130 (Fed.Cir.1992) ("The Federal Circuit's authority in extraordinary writ .is beyond challenge. When a petition is brought in connection with a case in the Federal Circuit's appellate jurisdiction, this court has conscientiously administered its responsibility.").

For the reasons stated in *In re BBC,* this court lacks jurisdiction to hear this petition, which is therefore dismissed.

STAY VACATED; PETITION DISMISSED.