**Reese PRICE, Plaintiff–Appellant,**

v.

**CODE–ALARM, INCORPORATED,
Defendant–Appellee.**

No. 02–3388.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.*

Decided July 21, 2003.

Before CUDAHY, POSNER, and
RIPPLE, Circuit Judges.

**ORDER**

This appeal comes at the end of a long and contentious patent dispute. The appellant has asked us to review the district court's denial of his motion to enforce the terms of an earlier settlement. We are unable to do so because we have no jurisdiction over appeals based on patent claims.

Reese Price held a patent on a car-alarm system he invented. In 1991, Mr. Price sued Code–Alarm, Inc., a major manufacturer of car alarms, alleging that several Code–Alarm products infringed his patent. The district court had jurisdiction under 28 U.S.C. § 1338(a).

In 1994, on the eve of trial, the parties settled. They agreed upon a set of thirteen terms, to be incorporated into a de-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

tailed settlement agreement.[1] In exchange for title to the Price patent, Code–Alarm was to pay Mr. Price an initial lump sum of $535,000, followed by a series of additional payments totaling $240,000 and a royalty of one dollar for every covered unit sold thereafter. Appellant's br., Ex.B at ¶¶ 4, 5.Code–Alarm also agreed to pay Mr. Price thirty-five percent of "all monetary recovery" obtained through prosecuting the patent, minus litigation expenses. Appellant's brief, Ex.B. at ¶ 7. The district court dismissed the case on February 28, 1994, retaining jurisdiction to enforce the settlement.

Almost immediately, the parties were back in court. Among the eventual points of contention was Code–Alarm's declaration in June 1995 that it had redesigned its product line, was consequently no longer using Mr. Price's patented system in any of its car-alarm devices, and would therefore no longer be paying him any royalties. Disagreeing that Code–Alarm's royalty-paying obligation had ceased, Mr. Price moved the district court to enforce that obligation.

In support of his claim that Code–Alarm's products still fell under the royalty provision, Mr. Price submitted an affidavit from an electrical engineer, John T. Keefe, dated March 1, 1999. The affidavit stated that Mr. Keefe had examined the technical data concerning Code–Alarm's product line and had concluded that more than 600,000 units sold since 1995 had features "substantially the same" as the old models. Appellant's br., Ex.A at ¶ 7. However, Mr. Keefe provided no explanation of how he arrived at his figures or what he meant by "substantially the same."

The magistrate judge (proceeding with the consent of the parties) concluded that Mr. Keefe's statement was unacceptable as an expert report under Rule 26 of the Federal Rules of Civil Procedure, as it contained only bare conclusions without supporting explanation. The court informed Mr. Price of this at a hearing on November 28, 2001, and gave him the opportunity to tender a revised report. When no revised report was forthcoming, the court concluded that Mr. Price had failed to establish that Code–Alarm owed him any royalty payments. The court therefore denied Mr. Price's enforcement motion on August 12, 2002.[2]

■ As a threshold matter, we examine the question of jurisdiction. Under 28 U.S.C. § 1295(a), the Federal Circuit has exclusive jurisdiction over appeals from the district court if the district court's jurisdiction was based, in whole or in part (with exceptions irrelevant to this case), on 28 U.S.C. § 1338. *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 906 (7th Cir.2003). Mr. Price attempts to circumvent this by pointing out that although his original lawsuit was based on § 1338, his appeal is based entirely on the terms of the settlement agreement, and thus involves only questions of contract interpretation. However, the jurisdiction of the Federal Circuit does not depend on the nature of the issues raised on appeal, but only on the original basis of the district court's jurisdiction, which in this case is indisputably § 1338. *See In re BBC Int'l, Ltd.*, 99 F.3d 811, 813 (7th Cir.1996).

Because we lack jurisdiction over this appeal, we must either dismiss it or, if it is

---

1. This agreement was never drafted, leaving the thirteen terms as the parties' final agreement.

2. The magistrate judge's order also addressed a dispute concerning the interpretation of the settlement terms' "thirty-five percent" provision. Mr. Price's appeal does not challenge that aspect of the order.

in the interest of justice, transfer it to the Federal Circuit. *See* 28 U.S.C. § 1631; *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir.1999). We need not transfer a case that is clearly doomed. *Phillips,* 173 F.3d at 610 (affirming district court's dismissal of habeas corpus petitions that were barred by statute of limitations). Although we lack jurisdiction to decide the merits, we may nevertheless "take a peek" at the merits at this stage of the proceedings to see whether the appeal has any chance at all of succeeding. *Aura Lamp & Lighting, Inc.,* 325 F.3d at 907 (dismissing appeal from a patent case that was dismissed for want of prosecution and violations of discovery orders). However, in doing so, we must keep in mind that Congress has vested exclusive appellate authority in the Court of Appeals for the Federal Circuit.

■ We do not believe that Mr. Price has any chance of prevailing in this appeal. Although his brief states his basic argument—that Code–Alarm, notwithstanding its claim to have changed its product line, continued to owe him royalties—Mr. Price offers no reasoned elaboration of this argument. *See* Fed. R.App. P. 28(a)(9)(A) (appellate briefs must include reasoned arguments with citations to authorities). And although Mr. Price has submitted (for the first time on appeal) a revised report from Mr. Keefe (dated October 17, 2002), Appellant's br., Ex.A–1, purporting to provide a more thorough account of the expert's methods and reasoning, the appeals court will not consider evidence that was not before the district court. *See Stagman v. Ryan,* 176 F.3d 986, 994 (7th Cir. 1999).

This appeal is dismissed. Mr. Price's motion to supplement the record is denied.