In re BEYOND INNOVATION TECHNOLOGY CO., LTD. and Lien Chang Electronic Enterprise Co., Ltd., Petitioners.

Misc. No. 812.

United States Court of Appeals, Federal Circuit.

Feb. 2, 2006.

Before SCHALL, LINN, and PROST, Circuit Judges.

### ORDER

SCHALL, Circuit Judge.

Beyond Innovation Technology Co., Ltd. and Lien Chang Electronic Enterprise Co., Ltd. (Beyond Innovation) petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to grant Beyond Innovation's motion to recuse or disqualify. O2 Micro International Limited (O2 Micro) opposes.

O2 Micro sued Beyond Innovation for patent infringement. O2 Micro designated James T. Davis as its damages witness. Because Davis is a close personal friend of the judge and because Davis is the judge's personal accountant, Beyond Innovation filed a motion, pursuant to 28 U.S.C. § 455(a), requesting that the judge recuse or disqualify himself.

Section 455(a) states:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The judge determined that disqualification was not required. The judge stated, inter alia, that (1) the close personal friendship was not a factor because the case was being tried to a jury, (2) the witness had no financial interest in the resolution of the case and was not testifying as to damages and not as to liability, and (3) any admissibility determination the judge might make regarding Davis's expert opinion under *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) did not require disqualification because a *Daubert* analysis is only a preliminary review of the testimony and cross-examination and other methods are used to actually challenge the evidence.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Beyond Innovation's petition arises under 28 U.S.C. § 455(a), and not another provision of that statute; thus, the issue is not whether an actual conflict exists but whether a reasonable person would harbor doubts concerning the judge's impartiality. *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 860–61, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Because recusal and disqualification issues are not unique to patent disputes, this court applies the law of the regional circuit, here the United States Court of Appeals for the Fifth Circuit. *In re Pioneer Hi–Bred Int'l, Inc.,* 238 F.3d 1370, 1374 (Fed.Cir.2001) (issues that are not unique to patent disputes are reviewed under regional circuit law); *Panduit Corp. v. All States Plastic Manuf. Co., Inc.,* 744 F.2d 1564, 1574–75 (Fed.Cir. 1984) (reviewing procedural issue regarding disqualification of counsel under regional circuit law). The Fifth Circuit reviews the judge's determination of whether to disqualify for an abuse of discretion. *Weingart v. Allen & O'Hara, Inc.,* 654 F.2d 1096, 1107 (5th Cir.1981). The Fifth Circuit reviews how the facts would appear to "the average person on the street," *Potashnick v. Port City Const. Co.,* 609

F.2d 1101, 1111 (5th Cir.1980) or to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan,* 49 F.3d 152, 156 (5th Cir.1995).

Applying those standards, Beyond Innovations has not met its burden of showing that the judge clearly abused his discretion in not disqualifying. *See, e.g., United States v. Jordan,* 49 F.3d 152, 157 (5th Cir.1995) (friendship between judge and person with interest in the case does not necessarily require recusal). We note the high standard of review in a mandamus petition. Further, we are not reviewing the matter de novo. We do not review to determine whether we would recuse in such circumstances. Instead, we are only to review whether the judge abused his discretion in declining to disqualify himself.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.