PI–NET INTERNATIONAL, INC.,
Plaintiff–Appellant,

v.

JPMORGAN CHASE & CO.,
Defendant–Appellee.

No. 2014–1495.

United States Court of Appeals,
Federal Circuit.

April 20, 2015.

William J. Weidner, Attorney, Bell Law Firm, Wilsonville, OR, Lakshmi Arunachalam, Menlo Park, CA, for Plaintiff–Appellant.

Douglas R. Nemec, Daniel Alexander Devito, Andrew D. Gish, Esq., Principal Litigation Counsel, Edward L. Tulin, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, Jessica Raatz Kunz, Esq., Robert Scott Saunders, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, for Defendant–Appellee.

Before PROST, Chief Judge, REYNA and WALLACH, Circuit Judges.

PER CURIAM.

### ORDER

Pi–Net International, Inc. and Dr. Lakshmi Arunachalam (Appellants) respond to the court's March 17, 2015 order. JPMorgan Chase & Co. (JPMorgan) also responds. Appellants move for leave to file a corrected brief, with that corrected brief attached.

On March 17, 2015, this court directed Appellants to show cause why the first filed corrected brief should not be stricken and why this appeal should not be dismissed for failure to file an opening brief in compliance with the court's rules. That order was in response to a motion from JPMorgan that noted that Appellants' opening brief exceeded 14,000 words if, inter alia, Appellants had not deleted spaces between various words in the brief.

The Federal Rules of Appellate Procedure limit an appellant's opening brief to 14,000 "words." Fed. R.App. P. 32(a)(7). Appellants attempted in their first corrected brief to create "words" by squeezing various words together and deleting the spaces that should appear between the words. For example, the following is not one word, although that is how it appears on page 3 of Appellants' first corrected opening brief:

*Thorner.v.SonyComputerEntm'tA m.LLC,669F3d1362,1365(Fed.Cir.2012).*

Instead, when written properly, it is 14 words: *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed.Cir. 2012). Similar matters appeared throughout the brief.

In the alternative, Appellants move for leave to file a new "corrected brief." The new corrected brief does not bring the actual word count below 14,000 words. For example, the new corrected brief would, instead of deleting spaces between words in case citations, replace various phrases or case citations with abbreviations such as "TOA1" and list those citations only in the table of authorities. The Appellants also use abbreviations such as "CR1" to cross-reference to something that was stated earlier in the brief, although it is so poorly explained that it is nearly incomprehensible. Neither the previously filed brief nor the most recent proffered corrected brief comply with the

court's rules. Instead, they represent an attempt to file briefs that, if written properly, exceed the permitted word limitation.

Appellants have failed to show cause why the brief should not be stricken and why the appeal should not be dismissed. Pursuant to the court's March 17, 2015 order, the appeal is dismissed.

Accordingly, IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Pi–Net's motion to file a corrected brief is denied.

(3) Any other pending motions are denied as moot.