**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3569
_____

IN RE:  DR. LAKSHMI ARUNACHALAM,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. Nos. 1-12-cv-00355, 1-13-cv-01812,
1-14-cv-00091, 1-14-cv-00373 & 1-14-cv-00495)
District Judge: Honorable Richard J. Andrews
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 10, 2015

Before:  FISHER, JORDAN and VANASKIE,
*Circuit Judges*

(Opinion and Order filed: January 28, 2016)

Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025

          Petitioner Pro Se

Joseph M. Beauchamp, Esq.
Jones Day
717 Texas, Suite 3300
Houston, TX 77002

Tharan G. Lanier, Esq.
Jones Day
1755 Embaracdero Road
East Palo Alto, CA 94303

Counsel for Respondent, Citizens Financial Group, Inc.

_____

OPINION AND ORDER OF THE COURT
_____

PER CURIAM

Dr. Lakshmi Arunachalam has filed a petition for a writ of mandamus seeking an order requiring the disqualification of a District Judge. We conclude that we lack jurisdiction over the petition and will direct the Clerk to transfer it to the United States Court of Appeals for the Federal Circuit.

Arunachalam is a plaintiff in a number of related patent infringement actions that are or were pending in the United States District Court for the District of Delaware. Her complaints invoke the District Court's jurisdiction under 28

U.S.C. § 1338(a) and are premised solely on alleged patent infringement. Thus, any appeal from the final decisions in these actions must be taken to the Federal Circuit, which has exclusive jurisdiction over appeals in patent infringement actions. See 28 U.S.C. § 1295(a)(1); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988). Indeed, Arunachalam already has taken one such appeal to the Federal Circuit, which dismissed it as a sanction following briefing. See Pi-Net Int'l, Inc. v. JPMorgan Chase & Co., 600 F. App'x 774, 775 (Fed. Cir. 2015), cert. denied, No. 15-691 (U.S. Jan. 11, 2016).[1]

In the actions at issue here, Arunachalam filed motions to disqualify the District Judge on the basis of the District Judge's ownership of mutual funds that have holdings in certain of the defendant corporations. The District Judge denied the motions by issuing the same memorandum and order in each action on March 28, 2015. Arunachalam now challenges that ruling by seeking a writ of mandamus from this Court ordering the District Judge's disqualification.

A District Judge's denial of a disqualification is properly reviewable by mandamus, at least when disqualification is sought under 28 U.S.C. § 455. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 & n.7 (3d Cir. 2003); In re Sch. Asbestos Litig., 977 F.2d 764, 776-77 (3d Cir. 1992). Our authority to issue writs of mandamus,

---

[1] The District Court actions presently at issue are D. Del. Civ. Nos. 1-12-cv-00355, 1-13-cv-01812, 1-14-cv-00091, and 1-14-cv-00373. Arunachalam notes that she is not seeking relief in D. Del. Civ. No. 1-14-cv-00495 because that action has been dismissed with prejudice by stipulation of the parties.

3

however, extends only to situations in which doing so would be "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). "Before entertaining [an] application [for mandamus], then, we must identify a jurisdiction that the issuance of the writ might assist." United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981). As explained above, the Federal Circuit has exclusive jurisdiction over any appeals that might be taken from the final decisions in these actions. Thus, it does not appear that the actions "may at some future time come within th[is] court's appellate jurisdiction." Id. Because we lack appellate jurisdiction over these actions, we have no jurisdiction that issuance of the writ can be said to assist.

For this reason, the only Courts of Appeals to have addressed the issue have concluded that they lack jurisdiction to issue writs of mandamus in patent infringement actions over which the Federal Circuit has exclusive appellate jurisdiction. See Lights of Am., Inc. v. U.S. Dist. Ct., 130 F.3d 1369, 1370-71 (9th Cir. 1997) (per curiam); In re BBC Int'l, Ltd., 99 F.3d 811, 813 (7th Cir. 1996). Those courts concluded that, when the Federal Circuit has exclusive appellate jurisdiction, the Federal Circuit has exclusive mandamus jurisdiction as well. See Lights of Am., 130 F.3d at 1371; In re BBC Int'l, Ltd., 99 F.3d at 813. The Federal Circuit agrees that it has exclusive mandamus jurisdiction in patent infringement actions, see In re Princo Corp., 478 F.3d 1345, 1351 (Fed. Cir. 2007), and it regularly exercises that jurisdiction to entertain disqualification-based mandamus petitions like the one that Arunachalam filed here, see, e.g., In re Beyond Innovation Tech. Co., 166 F. App'x 490, 491-92 (Fed. Cir. 2006). Decisions by other courts in analogous

4

contexts are in accord.[2]  We agree with these decisions and conclude that, when the Federal Circuit has exclusive appellate jurisdiction over a patent infringement action, it has exclusive jurisdiction over mandamus petitions arising from that action as well.

Arunachalam argues that we have jurisdiction over her petition pursuant to the residual jurisdictional statute, which provides in relevant part that, "[e]xcept as provided in section[] . . . 1295 of this title, appeals from reviewable decisions of the district . . . courts shall be taken . . . to the court of appeals for the circuit embracing the district[.]"  28 U.S.C. § 1294(1).  She further argues that our jurisdiction under this statute is established by Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc., 247 F.3d 44 (3d Cir. 2001).

---

[2] See, e.g., In re Russell, 155 F.3d 1012, 1013 (8th Cir. 1998) (dismissing mandamus petition addressed to the United States Court of Veterans Appeals because that court is under the exclusive appellate jurisdiction of the Federal Circuit); In re McBryde, 117 F.3d 208, 219-20 (5th Cir. 1997) (holding that 28 U.S.C. § 1651(a) does not authorize the court "to issue a preemptory writ regarding a case over which it would never have appellate jurisdiction"); In re Rios, 863 F.2d 202, 204 (2d Cir. 1988) (rejecting argument that "a court of appeals may issue mandamus to a district court located beyond the scope of its appellate jurisdiction"); In re Stone, 569 F.2d 156, 157 (D.C. Cir. 1978) (per curiam) (holding that court lacked jurisdiction to issue writ of mandamus to the Tax Court when an appeal therefrom would go to a different circuit).

Arunachalam's reliance on these authorities is misplaced. In the first place, the residual jurisdictional statute applies by its terms only to "appeals," and a mandamus proceeding is not an "appeal." See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). We could construe Arunachalam's mandamus petition as a notice of appeal if appropriate, but there is no reason to do so because construing it as a notice of appeal would merely subject it to dismissal for other reasons as noted in the margin.[3]

Medtronic AVE is inapposite as well. In that case, we concluded that we had appellate jurisdiction to review an interlocutory but immediately appealable order denying a stay of a patent infringement action pending arbitration. See Medtronic AVE, 247 F.3d at 52-53. We acknowledged that, under 28 U.S.C. § 1295(a), the Federal Circuit would have exclusive appellate jurisdiction over any appeal from the final decision in that patent infringement action. See id. at 51-52. We reasoned, however, that the Federal Circuit's appellate jurisdiction under § 1295(a) extends only to "final decisions" and that the order denying a stay pending arbitration was not a "final decision." Id. at 52. Thus, we concluded that the Federal Circuit did not have appellate jurisdiction over that

---

[3] A District Judge's denial of a motion for disqualification, though sometimes reviewable by mandamus, is not an immediately appealable order. See In re Kensington Int'l Ltd., 353 F.3d at 219 n.7; In re Sch. Asbestos Litig., 977 F.2d at 776. Arunachalam's mandamus petition also would be untimely if construed as a notice of appeal because the District Court denied reconsideration of its disqualification ruling on April 1, 2015, and Arunachalam filed her petition on October 23, 2015. See Fed. R. App. P. 4(a)(1)(A).

order and that we had such jurisdiction pursuant to the residual jurisdictional statute. See id. at 52-53. In doing so, we distinguished the decision in the mandamus context in In re BBC International cited above. As we explained, "our methodology [in the appellate context] is different as we are deciding the case on the basis of what court has jurisdiction now. Thus, our analysis in no way is confined by a provision such as that in section 1651(a) that a court may issue writs 'in aid' of its jurisdiction." Id. at 53.

In the mandamus context, by contrast, our analysis is indeed confined by that very provision. Because we may issue writs of mandamus only "in aid of" our jurisdiction, and because we will not possess appellate jurisdiction over the final orders in these patent infringement actions, we do not have jurisdiction over Arunachalam's mandamus petition. Such jurisdiction lies exclusively with the Federal Circuit.

For these reasons, it is hereby O R D E R E D that the Clerk transfer the mandamus petition to the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1631. We express no opinion on the merits of the petition. Our disposition terminates this proceeding in this Court.



**A True Copy:**

Marcia M. Waldron, Clerk

7