CLD-006                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3663
_____

IN RE:  DR. LAKSHMI ARUNACHALAM,

                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-15-cv-00259)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 6, 2016
Before: FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2016 )
_____

OPINION[*]
_____

PER CURIAM

Dr. Lakshmi Arunachalam has filed a petition for a writ of mandamus seeking to

disqualify the Honorable Richard G. Andrews from presiding over one of her actions in

the District of Delaware.  We will deny the petition.

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Arunachalam and her companies are or have been plaintiffs in dozens of patent infringement suits across the country, including numerous suits in the District of Delaware. It appears that Arunachalam has brought these suits primarily against financial institutions for alleged infringement on Internet-based patents that she claims "created the millennial generation." (Mandamus Pet. at 40.)

Arunachalam previously filed a mandamus petition with this Court seeking to disqualify Judge Andrews from five of these suits. Arunachalam relied on Judge Andrews's ownership of shares in mutual funds with holdings in some of the defendant financial institutions. We concluded that we lacked mandamus jurisdiction because the United States Court of Appeals for the Federal Circuit would have exclusive appellate jurisdiction over any appeals from those patent infringement suits. See In re Arunachalam, 812 F.3d 290, 292-93 (3d Cir. 2016) (per curiam). Thus, we transferred her petition to the Federal Circuit, which later denied it on the merits. See In re Arunachalam, Fed. Cir. No. 2016-110 (order entered March 11, 2016).

Arunachalam's present mandamus petition concerns a different kind of suit. In 2015, Arunachalam filed a federal complaint in the Northern District of California against a lawyer and two law firms that represented her or her companies in some of her patent infringement suits. Arunachalam alleged legal malpractice and numerous other forms of misconduct. While in the Norther District of California, Arunachalam filed two motions to disqualify the District Judge, which the District Judge denied.

The California District Court later transferred the action to the District of

2

Delaware, and Arunachalam promptly filed a motion to disqualify Judge Andrews as well. Judge Andrews denied that motion, but Arunachalam filed another one and Judge Andrews denied that motion too. Arunachalam now has filed a mandamus petition seeking Judge Andrews's disqualification from this proceeding.

## II.

We first address our jurisdiction. We have mandamus jurisdiction "where the underlying proceeding is one actually or potentially within our appellate jurisdiction." New York v. U.S. Metals Ref. Co., 771 F.2d 796, 801 (3d Cir. 1985). We generally have appellate jurisdiction over final orders issued by the District of Delaware pursuant to 28 U.S.C. §§ 1291 and 1294(1). The Federal Circuit, however, would have exclusive jurisdiction if Arunachalam's present action is one "arising under" the federal patent laws. 28 U.S.C. § 1295(a)(1). In that event, we would lack jurisdiction over her petition for the same reason we lacked jurisdiction over her previous petition.

It is conceivable that resolution of some of Arunachalam's malpractice claims might require resolution of a federal issue of patent law. Even if it does, however, it is highly unlikely that her action could be deemed to arise under the patent laws for purposes of § 1295(a)(1). As the Supreme Court has explained, "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law[.]" Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).[1] That is because malpractice

---

[1] Gunn addressed the scope of district courts' patent-related jurisdiction under 28 U.S.C. § 1338(a), "but the Court's guidance about when a case 'arises under' federal patent law

3

claims, even when they require resolution of an issue of patent law, do so "in a merely hypothetical sense" that "will not change the real-world result of the prior federal patent litigation." Id at 1067. That appears to be the case here. Moreover, the vast majority of Arunachalam's present claims do not relate to patent issues at all.[2]

Thus, although our appellate jurisdiction over any appeal from this action would be finally determined by the panel deciding the appeal on the merits, the prospect of our obtaining appellate jurisdiction over this action is sufficiently likely that we can consider whether mandamus relief is warranted in aid of that potential jurisdiction.

III.

We conclude that it is not. "A District Judge's denial of a disqualification is properly reviewable by mandamus, at least when disqualification is sought under 28 U.S.C. § 455." Arunachalam, 812 F.3d at 292.[3] We review the District Judge's decision

---

also informs the proper interpretation of . . . § 1295(a)(1) . . ., which contains identical operative language." Seed Co. Ltd. v. Westerman, — F.3d —, No. 14-7126, 2016 WL 4254998, at *3 (D.C. Cir. Aug. 12, 2016).

[2] The operative pleading is Arunachalam's Second Amended Complaint. Arunachalam framed that complaint primarily as one under the Racketeer Influenced and Corrupt Organizations Act and summarized her claims as follows: "This second amended complaint is also for personal injury, elder abuse, legal malpractice, fraud, intentional misrepresentation, breach of contract, professional negligence, financial damage, sexual harassment, blackmail, elder abuse, terrorizing, subjecting plaintiff to emotional and physical duress, damages from racketeering, conspiracy to engage in a pattern of racketeering activity and related claims[.]" (ECF No. 158 at 2.)

[3] Arunachalam purports to seek Judge Andrews's disqualification both for actual bias under 28 U.S.C. § 144 and for an appearance of partiality and other reasons under 28 U.S.C. § 455. Her arguments are more appropriately addressed to § 455.

for abuse of discretion, which occurs when a district judge's duty to disqualify is "clear and indisputable." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks omitted). We perceive no such duty here.

Arunachalam's 90-page petition is unnecessarily verbose and repetitive, and it raises a host of issues that have nothing to do with Judge Andrews. Having liberally construed her petition, however, we read it to raise four relevant arguments. Each of them lacks merit.

First, Arunachalam continued to rely on Judge Andrews's ownership of mutual funds with holdings in some of the defendants in the patent infringement suits. "Ownership in a mutual or common investment fund that holds securities," however, "is not a [disqualifying] 'financial interest' in such securities unless the judge participates in the management of the fund." 28 U.S.C. § 455(d)(4)(i). The Federal Circuit denied Arunachalam's previous petition because Judge Andrews did not participate in the management of the funds, and Arunachalam has not argued that he does now. Moreover, as Judge Andrews explained, the financial institutions are not parties to this case.

Second, Arunachalam argues that Judge Andrews's disqualification is required because she named him as a defendant in her complaint at D. Del. Civ. No. 1-16-cv-00281. (A different District Judge, whom Arunachalam also moved to disqualify, has since dismissed her claims against Judge Andrews on the basis of judicial immunity.) The mere fact that Arunachalam filed a lawsuit against Judge Andrews, however, does not require his disqualification. See Ronwin v. State Bar of Ariz., 686 F.2d 692, 701 (9th

5

Cir. 1981), rev'd sub nom. on other grounds Hoover v. Ronwin, 466 U.S. 558 (1989); In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993).

Third, Arunachalam argues that Judge Andrews is a witness who will be required to testify both in this case and in the case just discussed. As Judge Andrews explained, however, his interaction with the parties has been limited to Arunachalam's court proceedings during which all hearings were on the record. Arunachalam has shown no conceivable need to call Judge Andrews as a witness in any case.

Finally, Arunachalam relies on a number of Judge Andrews's rulings against her in various cases, some of which she characterizes as "obstruction of justice and intentional fraud." (Mandamus Pet. at 2.) But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and Arunachalam has raised nothing suggesting that the rulings on which she relies are any exception. Arunachalam, for example, has not shown that any of Judge Andrews's rulings reasonably suggests that he has prejudged the merits of this case or is otherwise biased against her. To the contrary, although Arunachalam has proven to be a difficult litigant, Judge Andrews's rulings in this case—including his denial of defendants' motion for sanctions against Arunachalam and his grant of her numerous requests for extensions—display nothing other than even-handed treatment of the parties.

IV.

For these reasons, we will deny Arunachalam's mandamus petition.

6