DLD-314                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2591

_____

IN RE:  GERALD BUSH,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-10-cv-00640)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 20, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed:  September 27, 2018)

_____

OPINION*

_____

PER CURIAM

    Gerald Bush has filed a petition for a writ of mandamus, purportedly related to a

complaint that he filed in 2010 against the City of Philadelphia and its police department.

We will deny Bush's petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bush's complaint and amended complaint were both dismissed in 2010. Since that time, Bush has attempted to file various documents in that matter. Pertinent here, he filed a "Motion to add 28 U.S.C.A. 473(a)(4) to Legal Malpractice under Code of Professional Conduct and Independent Civil Claim under 42 1985 and 1983 Violations of 28 U.S.C.A. 43(a)(4)." Dkt. #10. As best as we can discern, Bush was, and is, seeking some type of redress against an attorney or attorneys who purportedly represented him, in some capacity, in the 2010 action.[1]

In his mandamus petition, Bush states that the attorneys submitted a "concocted" appeal on his behalf, and that he has no redress in the District Court because "the District Court cannot sanction against counsel for misconduct during an Appeal." He asks that this Court "take jurisdiction over this matter in the all wits [sic] act under 28 U.S.C. 1651."

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting

_____

[1] The docket reflects that Bush proceeded pro se in that action, but he appears to argue that the misconduct he complains of occurred in connection with an appeal of the 2010 complaint. While perhaps he consulted an attorney in connection with an appeal of the 2010 case, our docket reflects that he proceeded pro se in his only appeal in that matter. See C.A. No. 18-1450. The appeal was dismissed on Bush's motion. Id. We note that one of the attorneys Bush names in his petition represented Bush in an appeal in 2016, but that appeal was not from any order in the 2010 case.

2

Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)).  A writ should not issue unless the petitioner has "no other adequate means to attain the relief desired," and has shown that his right to the writ is "clear and indisputable."  In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

Bush's right to mandamus relief is far from "clear and indisputable."  See id. Bush has provided an email that appears to have been exchanged by two attorneys in connection with one of his cases.  The email implies that an attorney would only be able to make policy arguments on appeal, as the law was not in Bush's favor.  Bush has provided us no basis for an award or sanction against counsel, and none is apparent to us.[2]  Further, mandamus normally would not be the appropriate means of seeking damages and costs, or another form of redress, as a motion could be filed within the appropriate appeal.[3]  And finally, Bush has not explained how an order imposing sanctions on his private attorneys would be "in aid of" our jurisdiction.  See In re

---

[2] In an appropriate case with different circumstances, we can award damages and costs under Fed. R. App. P. 38, or fees and costs under 28 U.S.C. § 1927, but any relief goes to the opposing party, not to the party represented by the attorney.  See, e.g., Beam v. Bauer, 383 F.3d 106, 108-10 (3d Cir. 2004) (Rule 38); Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018) (§ 1927).  Also, in rare instances, we might exercise our inherent power to sanction an attorney, or *a party* for abusive litigation practices.  See Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 577 n.4 (3d Cir. 2018) (discussing sanctioning of party); Eash v. Riggins Trucking, Inc., 757 F.2d 557, 568 (3d Cir. 1985) (discussing sanctioning of attorney).  But again, Bush's vague allegations of a "concocted appeal" do not provide any grounds for the relief he seeks.

[3] We note that the information provided by Bush with his petition would not be the basis for reopening any of his closed appeals in our Court.

Arunachalam, 812 F.3d 290, 292 (3d Cir. 2016); 28 U.S.C. § 1651(a).  We thus will deny

the petition for a writ of mandamus. [4]

---

[4] Bush's petition might also be construed as complaining that the District Court has not ruled on the "Motion" docketed at #10 in the District Court.  While mandamus may be warranted when a district court's undue delay in deciding a motion "is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), we decline to order the District Court to decide Bush's motion.  The motion has only been pending since March, which is not an inordinate delay.  Cf. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting mandamus when habeas petition had been pending for 14 months due to a congested docket).  We note that in March 2010, the District Court entered an order directing the Clerk of Court not to accept any further filings "against Defendant [the City of Philadelphia]" in the matter, except for a notice of appeal, unless Bush had received prior approval from the Court.  Dkt. #6.  Because Bush's motion is not addressed to the City, it appears to bypass the District Court's March 2010 order.  We are confident that the District Court will rule on the motion in the near future.