**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3756
_____

IN RE:  EL AEMER EL MUJADDID,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 18-cv-14021)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 17, 2019
Before:  MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 29, 2019)
_____

OPINION*
_____

PER CURIAM

On July 12, 2018, petitioner El Aemer El Mujaddid filed a complaint in the

Superior Court of New Jersey, Law Division, Burlington County, against numerous

defendants relating to a traffic citation he had received.  Mujaddid alleged, inter alia,

causes of action under 42 U.S.C. §§ 1983, 1985, and 1986 for the deprivation of his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

constitutional rights.  It appears that Mujaddid claimed his procedural and substantive due process rights had been violated, and that his arrest and criminal prosecution violated federal law.  The matter was transferred to the Law Division, Camden County, in July 2018, and an amended complaint was filed on August 1, 2018.  The named defendants thereafter removed the case to federal court the following month pursuant to 28 U.S.C. § 1441, on the basis of the District Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

Mujaddid opposes the removal and filed a motion in the District Court on October 15, 2018, seeking to have the matter remanded to the Superior Court of New Jersey, Law Division, Camden County.  An initial scheduling conference was held on October 23, 2018, before the Magistrate Judge to whom the matter was referred.  While the defendants filed a statement of material facts in response to Mujaddid's remand motion on October 24, 2018, they sought an extension of time to file an answer or otherwise plead on October 26, 2018.  Mujaddid filed a response in opposition to the defendants' motion.  A telephone status conference was conducted by the Magistrate Judge on November 28, 2018.  There does not appear to have been any further action in the case since that time.

Approximately three weeks after the status conference, Mujaddid filed the instant petition for writ of mandamus and prohibition seeking to compel the District Court to remand the matter to state court, to prohibit it from "proceeding" any further, and to

2

impose sanctions on the defendants and defense counsel. Additionally, Mujaddid seeks an award of monetary damages from the assigned District Court Judge and Magistrate Judge "under the Bivens doctrine" for what he claims are injuries suffered as a result of various violations of his constitutional rights as a result of the manner in which District Court Judge and Magistrate Judge have handled the removal action. See Pet. at 3-4. For the reasons that follow, we will deny the petition.

While Mujaddid characterizes his filing as both a petition for a writ of mandamus and prohibition, the same standard applies regardless of how the petition is viewed. See United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992) (noting that the requirements are the same for obtaining either writ); In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (explaining that "the form is less important than the substantive question of whether an extraordinary remedy is available") (internal quotations omitted).[1] Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)). To demonstrate that mandamus is appropriate, a

---

[1] We have explained that "a writ of mandamus may appear more appropriate when the request is for an order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action[.]" In re Sch. Asbestos Litig., 921 F.2d at 1313.

petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Although Mujaddid's petition is far from a model of clarity, it is clear that he has no "indisputable" right to issuance of a writ compelling the District Court to remand the matter to state court. As set forth in 28 U.S.C. § 1441, the district courts are tasked with determining, in the first instance, whether an action was properly removed. Additionally, this Court's jurisdiction over District Court orders remanding removed cases to state court is constrained by 28 U.S.C. § 1447(d). In the instant case, moreover, the District Court has not yet entered an order on Mujaddid's remand motion. Even if we were to liberally construe Mujaddid's petition as challenging the delay he has experienced in having his remand motion disposed of, we would conclude that mandamus relief is not warranted.

Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. The defendants responded to Mujaddid's remand motion at the end of October 2018, and the Magistrate Judge conducted a status conference in November 2018. Thus, little more than two to three months have lapsed since the motion has been ripe for disposition. We

4

do not find a delay of this length troubling in the instant case. We are confident that the District Court will rule on Mujaddid's motion in due course and without undue delay.

Mujaddid's requests for monetary damages and sanctions in the context of this mandamus proceeding are inappropriate. To the extent that he seeks damages from the District Court Judge and Magistrate Judge, he has the alternative remedy of filing a lawsuit in a court with jurisdiction over his claims. Mujaddid should note, however, that a District Court Judge and Magistrate Judge are entitled to absolute immunity from monetary damages for conduct performed in the course of their official duties. See Stump v. Sparkman, 435 U.S. 349, 359 (1978). Finally, Mujaddid has not explained how an order imposing sanctions on the defendants or defense counsel in the underlying action would be "in aid of" our jurisdiction. See In re Arunachalam, 812 F.3d 290, 292 (3d Cir. 2016); 28 U.S.C. § 1651(a). Any argument that sanctions are warranted for their actions in the removed action is one for the District Court to consider in evaluating the remand order and the merits of Mujaddid's civil complaint.

Given the foregoing, the petition will be denied.