CLD-147                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2256
_____

IN RE: VERNON YATES,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:26-cv-01438)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 11, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: June 17, 2026)
_____

OPINION[*]
_____

PER CURIAM

Vernon Yates has filed a petition for a writ of mandamus addressed to two orders

of the District Court.  We will deny the petition.

Yates apparently is or was under the supervision of the Pennsylvania Department

of Corrections at a halfway house in Philadelphia following his conviction of rape and

other crimes in Montgomery County.  He instituted this action in the District Court by

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filing a document captioned as a complaint. His primary claim is that a 2006 clerical entry on his Montgomery County docket stating that the docket had been archived was unauthorized and rendered his conviction void ab initio. He also complained that the named defendants evaded his mail to them and that he no longer is subject to detention because he tendered a "full commercial set-off and settlement of account." In that regard, Yates attached to his complaint various sovereign-citizen-like documents. The relief he requested was a writ of habeas corpus ordering his immediate discharge, entry of a "satisfaction of judgment," and issuance of an unspecified "temporary restraining order."

After Yates filed his complaint, he began filing two kinds of other documents that are relevant here. First, he filed two emergency motions (ECF Nos. 17 & 21) and a document styled as a habeas petition (ECF No. 25) in which he requested the relief summarized in the margin.[1] Second, he filed a series of documents titled "notices" which were replete with similar sovereign-citizen-like language. By order entered May 13, the District Court (1) denied Yates's requests for relief at ECF Nos. 17, 21 and 25, and (2) ordered that "Plaintiff SHALL refrain from filing any further notices unless the filing is clearly authorized by the Federal Rules of Civil Procedure and is necessary to resolve a

---

[1] In the first filing, Yates requested an order directing a non-party bank to restore his access to funds, turn over to him $183 million "in settled credits," and grant a default judgment for a "total penalty" of $258 million. In the second filing, Yates then requested a "partial turnover" of only $1 million of those funds as well as related relief. In the third filing, Yates requested an order directing respondents to produce him and show cause why he should not be released, an order directing "immediate recognition" of his "status as a Secured Party Creditor," and "a Certificate of Discharge based on the $100 Billion set-off already in the record."

specific, pending issue before the Court." The case otherwise remains ongoing in the District Court.

Yates now has filed with this Court a "petition for writ of mandamus and petition for appeal" in which he requests vacatur of both aspects of the District Court's order and further review of his motions. But Yates has not properly appealed the District Court's order because he did not file anything that could be construed as a notice of appeal with that court. *See* Fed. R. App. P. 3(a)(1). And although we typically construe pro se filings as notices of appeal when they evidence an intent to appeal, *see* 3d Cir. L.A.R. 3.4 (2011), and then forward such filings to the District Court for docketing as such, *see* Fed. R. App. P. 4(d), we decline to treat Yates's mandamus petition in that manner because neither aspect of the court's order is presently appealable. *See In re Arunachalam*, 812 F.3d 290, 293 & n.3 (3d Cir. 2016) (per curiam).[2]

Nor is there any basis for mandamus relief. A writ of mandamus is a "drastic" and "extraordinary remedy" that we have the discretion to grant only when, inter alia, the petitioner has a "clear and indisputable" right to relief. *In re Pressman-Gutman Co.*, 459

---

[2] The only potential basis for immediate appeal would be if the order refused or granted an injunction, *see* 28 U.S.C. § 1292(a)(1), but neither aspect of the order is immediately appealable on that theory. The denial of Yates's motions does not qualify because, inter alia, the court did not deny any substantive relief sought in the complaint. *See In re Pressman-Gutman Co.*, 459 F.3d 383, 392-93 (3d Cir. 2006). The second aspect of the order does not qualify either. Yates characterizes that aspect as a filing injunction, and we have reviewed filing injunctions under § 1292 in some cases. *See, e.g., In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). But that aspect of the order does not actually restrict Yates's ability to file any documents with the court. If the court wishes to restrict Yates's ability to file documents in the future, it should first give him notice and a chance to respond. *See id.* at 446.

F.3d at 398-99 (cleaned up). Neither aspect of the District Court's order warrants such relief given, inter alia, the frivolous nature of the filings at issue. Yates complains that the District Court has "muzzled" him and effectively has "frozen" the docket, but the court has done no such thing and the case is still proceeding. Once the case concludes, Yates can seek appellate relief in the ordinary course under 28 U.S.C. § 1291 if necessary. But Yates has not shown any basis for us to take the drastic step of ordering the court to provide him with any form of relief now.

For these reasons, we will deny Yates's mandamus petition.