**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1385
_____

IN RE: AZAD A. KABIRR, M.D. MSPH,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of New Jersey
(Related to Civ. No. 2:25-cv-15207)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 28, 2026
Before: KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed: June 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

Azad Kabir petitions this Court for a writ of mandamus. Because we determine

that we lack jurisdiction to entertain the mandamus petition, we will dismiss it.

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the

power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

agreeable to the usages and principles of law." The underlying patent infringement action was brought pursuant to 28 U.S.C. § 1338(a), and was based entirely on federal patent law. The Federal Circuit has exclusive appellate jurisdiction over those actions, *see* 28 U.S.C. § 1295(a)(1), and, thus, it has exclusive mandamus jurisdiction as well, *see In re Arunachalam*, 812 F.3d 290, 293 (3d Cir. 2016) (per curiam). Therefore, because we lack jurisdiction that issuance of the writ might assist, we lack jurisdiction over the mandamus petition.

Based on the foregoing, we will dismiss the petition for a writ of mandamus.